UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LADONTE T. GIBSON,
    Petitioner,

vs.                                        Case No.:  4:22cv232/MW/ZCB

SECRETARY DEPARTMENT OF
CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus case filed under 28 U.S.C. § 2254. Petitioner, LaDonte T. Gibson, filed a counseled § 2254 petition on June 24, 2022. (Doc. 1). Respondent has moved to dismiss, arguing that the petition was untimely filed. (Doc. 11). Petitioner has not responded in opposition to the motion to dismiss, despite being afforded an opportunity to do so. (Doc. 12).[1] For the reasons below, Respondent's motion to dismiss should be granted.

---

[1] The Court believes this matter can be resolved based on the pleadings and attachments without an evidentiary hearing. Rule 8(a), Rules Governing Section 2254 Cases. The Court further notes that Petitioner's failure to respond in opposition to Respondent's motion to dismiss would provide a basis for granting the motion by default. *See* N.D. Fla. Loc. R. 7.1(E), (H) (requiring a "party who opposes" a motion to file a response and stating that the "Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule"). Nevertheless, the Court will proceed to explain why dismissal is warranted on the merits of Respondent's argument.

1

#### I.     Background

A Florida state court jury convicted Petitioner of attempted first degree murder, kidnapping, and conspiracy to commit first degree murder. (Doc. 11-1 at 474-75; Doc. 11-2). The state court sentenced Petitioner to twenty years in prison. (Doc. 11-1 at 495-506). The Florida First District Court of Appeal ("First DCA") affirmed the judgment and sentence by written opinion on April 16, 2021. (Doc. 11-5); *Gibson v. State*, 320 So. 3d 245 (Fla. 1st DCA 2021). Petitioner did not seek further direct appellate review in the Florida Supreme Court, nor did he seek collateral review in the state courts.

Petitioner filed the current 28 U.S.C. § 2254 petition on June 24, 2022. (Doc. 1). Respondent has moved to dismiss, arguing that the petition was untimely filed because the one-year limitation period for filing a § 2254 petition expired on May 18, 2022. (Doc. 11 at 5-6). As previously noted, Petitioner has not responded to the motion to dismiss.

#### II.    Discussion

A one-year limitation period applies to the filing of habeas petitions under § 2254. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

2

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent contends, and Petitioner does not dispute, that the trigger for the limitation period here is the date the state court judgment became final—i.e., § 2244(d)(1)(A). (Doc. 11 at 3-4). The judgment becomes final, for purposes of § 2244(d)(1)(A), "when the time for pursuing direct review in [the U.S. Supreme Court,] or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

To determine when the state court judgment became final in this case, the Court must determine whether Petitioner was entitled to seek direct review in the Florida Supreme Court. If he was, then the judgment became final when the thirty-day period for him to seek review in the Florida Supreme Court expired. *See* Fla. R. App. P. 9.120 (stating that a notice seeking review of the Florida Supreme Court shall be filed "within 30 days of rendition of the order to be reviewed"). If he was not entitled to seek review in the Florida Supreme Court, then the judgment became final when the ninety-day period for him to seek review in the U.S. Supreme Court expired.

3

Respondent asserts, and Petitioner does not dispute, that Petitioner could have sought discretionary review in the Florida Supreme Court because the First DCA affirmed his conviction in a written opinion that addressed a question of law. (Doc. 11 at 4; Doc. 11-5). The Florida Supreme Court has held that it has jurisdiction to consider "any decision of a district court that expressly addresses a question of law within the four corners of the opinion itself." *The Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 & n.3 (Fla. 1988). Thus, to be eligible for review by the Florida Supreme Court, the district court's opinion "must contain a statement or citation effectively establishing a point of law upon which the decision rests." *Id.*

That standard is satisfied here. The First DCA issued a written opinion that addressed a question of law—i.e., the question of whether the trial court erred by admitting hearsay statements under the prior consistent statement exception. (Doc. 11-5). For this reason, the Florida Supreme Court had the ability to review the First DCA's decision affirming Petitioner's conviction and sentence. To obtain Florida Supreme Court review, Petitioner was required to file a petition for review within 30 days of the First DCA's decision. *See* Fla. R. App. P. 9.120(b); *see also Dailey v. Crews*, No. 3:13-cv-148-WS/EMT, 2014 WL 2158428, at *3-5 (N.D. Fla. May 23, 2014) (stating that because the First DCA had issued a written opinion that addressed a legal issue, the petitioner could have sought review in the Florida Supreme Court; therefore, the First DCA's decision became final for § 2254

purposes when the 30-day period to seek Florida Supreme Court review expired); *Bravo v. Sec'y, Dep't of Corr.*, No. 1:22cv69/AW/MJF, 2022 WL 17668456, at *1 (N.D. Fla. Dec. 14, 2022) (same); *Hall v. Sec'y, Fla. Dep't of Corr.*, No. 4:20cv444-MW/MAF, 2022 WL 2654988, at *3-4 (N.D. Fla. June 6, 2022) (same).

In this case, the First DCA issued its written decision on Friday, April 16, 2021. (Doc. 11-5). The 30-day clock then began to run, and Petitioner had to seek review in the Florida Supreme Court by May 18, 2021.[2] Petitioner failed to do so. The judgment, therefore, became final on May 18, 2021, for purposes of § 2244(d)(1)(A). The clock on the one-year limitation period for filing a § 2254 petition started ticking the next day, May 19, 2021.[3] That limitation period expired one year later, May 19, 2022. *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitation period should be calculated according to the "anniversary method," whereby the limitation period expires on the one-year anniversary of the date it began to run). Petitioner filed his § 2254 petition on June

---

[2] *See* Fla. R. App. P 9.120(b) (setting 30-day deadline for filing petition for review with the Florida Supreme Court); *see also* Fla. R. App. P. 9.420(d) (citing Fla. R. Jud. Admin. 2.514(a)(1) (explaining that when a period is stated in days, courts begin counting from the next day that is not a Saturday, Sunday, or legal holiday; count every day, including Saturdays, Sundays, and legal holidays; and include the last day of the period that is not a Saturday, Sunday, or legal holiday).

[3] When computing a time period for the occurrence of an event specified by the law, the Court should "exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a).

24, 2022—over one month after the limitation period had expired. The petition, therefore, was untimely.

Petitioner has not alleged that any tolling doctrine applies. Nor has he claimed that any recognized exception to the time bar applies. Because Petitioner failed to seek relief under § 2254 before the one-year limitation period in § 2244(d)(1)(A) expired, his § 2254 was untimely filed. Thus, Respondent is correct that Petitioner's § 2254 petition should be dismissed.

### III.   Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (cleaned up).  Petitioner cannot make that showing in this case.  Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if either party wishes to submit arguments on the certificate of appealability issue, that party may do so in an objection to this report and recommendation.

Accordingly, it is **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. 11) be **GRANTED**.

2. Petitioner's federal habeas petition under 28 U.S.C. § 2254 be **DISMISSED with prejudice** as untimely.

3. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 9th day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any**

**different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**